UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL LUIS RODRIGUEZ, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | CIVIL NO. 3:15-CV-1952 |
| | : | |
| DAVID J. EBBERT, | : | (Judge Kosik) |
| | : | |
| Respondent. | : | |

## **MEMORANDUM**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Angel Rodriguez filed the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, wherein he challenges disciplinary proceedings finding him guilty of Introduction of Narcotics (Code 111 Violation), Use of the telephone to further criminal activity (Code 197 Violation), and Use of the mail to further criminal activity (Code 196 Violation).  The guilty findings were based on an investigation that concluded September 9, 2014.  Incident report #2626628 was written against Petitioner charging him with the above-referenced violations on September 9, 2014, and lists the date of the incident as spanning between July 23, 2014 and September 9, 2014.  (Doc. 1-1 at 2, Incident Report.)  He raises claims in his habeas petition with respect to this incident report and the resulting finding of guilt on November 12, 2014, which include the following: that he be excused from the exhaustion

requirement; that he was denied his due process rights to a staff representative, witnesses and the ability to present documents; the handling and processing of the incident report was wrong; the DHO was biased; and the DHO abused his discretion when he fined Petitioner as part of his sanction.  (Doc. 2, Supp. Mem.)

In filing a response to the petition, the court found that Respondent did not address the correct incident report and the arguments raised by Petitioner in this matter.  (Doc. 10.)  In fact, not only was the response inaccurate, but so were the supporting exhibits.  As such, Respondent was given fourteen (14) days to file an amended response addressing the correct incident report.  Pending is Petitioner's motion for an enlargement of time within which to reply to the newly filed response (Doc. 19), as well as Petitioner's request for the appointment of counsel in this case. Although Petitioner will be granted an additional thirty (30) days within which to file a supplemental traverse, his request for counsel will be denied without prejudice.

In moving for counsel, Petitioner argues that his case is complex, he lacks an education, and an attorney can argue his case in a more professional manner. However, there is no constitutional right to counsel in a federal habeas corpus proceeding.  See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.

2

See Rule 8(c) of the Rules Governing Section 2255 Cases. Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petition if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Counsel may be appointed, in exceptional cases, where a pro se prisoner in a habeas action has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. Reese v. Fulcomer, 946 F.2d 247, 264-65 (3d Cir. 1991) cert. denied, 503 U.S. 988 (1992). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the petitioner's case has some arguable merit in fact and law. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

In this case, appointment of counsel is not warranted at this time. Petitioner has demonstrated his ability to litigate this case on his own. He has prepared and filed appropriate documents. He fully comprehends the issues in this case and presents his claims coherently. His reasons for requesting counsel are unpersuasive and it does not appear that an evidentiary hearing will be necessary. Because there are no factors demonstrating that the interests of justice require the appointment of counsel at this time, Petitioner's motion will be denied without prejudice.